IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
IN THE MATTER OF                          :

                                          :   CHAPTER 13
BLANCA GARCIA,                            :   CASE NO: 09-22229 (RRD)
         DEBTOR                           :
                                          :   COURT DATE: June 2, 2009
                                              10:00 AM
-------------------------------------------------------------- X

## MOTION FOR SANCTIONS

**COME NOW THE ABOVE-NAMED DEBTOR,** by and through her attorney of record, and hereby respond to the Amended Proof of Claim and Objection to Confirmation filed in this case by Home Loan Services, Inc. and its attorneys by way of this Motion for Sanctions. In support thereof shows unto the Court the following:

    1.    This case was commenced by the filing of a petition with the Clerk of this court on February 19, 2009.

    2.    The 341(a) meeting of creditors was scheduled and held in White Plains, New York on April 2, 2009 with no creditors in attendance.

    3.    Debtor's Chapter 13 Plan has not yet been confirmed by Order of this Court.

    4.    That on April 9, 2009, a purported proof of claim ( hereinafter POC #1) in the amount of $630,073.46 for "money loaned" designated as "secured" by "real estate" with no indication of value or identifying features of such real estate was filed by a "creditor" named " Home Loan Services, Inc."

    5.    That POC #1 is executed by Attorney Amy Przewozny of the law firm of Steven J. Baum, PC and not the creditor nor an authorized agent of the creditor as required pursuant to Fed R Bkr Pro 3001(b) Furthermore, save for a single page of itemized calculations with no identifying information as to the so called creditor whatsoever, there was simply no supporting documentation provided with this proof of claim. ( See "Exhibit A")

    6.    That debtor promptly objected to POC #1 on the basis, in part, that the same was deficient and vague, not supported by any written documents, notes, credit applications, account statements, or any other type of written or printed document as required by mandatory official Form B10 and required pursuant to Fed R Bkr Pro 3001. A hearing date for this contested matter is scheduled on said objection for April 15, 2009 before Hon. Adlai Hardin.

    7.    That on April 9, 2009, a purported amended proof of claim was filed (hereinafter POC #2) with attachments. Perhaps the most significant amendment to POC #1 as per POC #2 is the elimination of "Home Loan Services, Inc." as the named creditor and the new substituted creditor named as "Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass Through Certificates, Series 2006-FF9"

8. That at no time was an application, motion or other such vehicle presented before the Court to amend POC #1 or to substitute parties. No motion to withdraw POC #1 or to withdraw Home Loan Services, Inc., was presented to the Court. Moreover, to date, no appearance has been filed in this matter on behalf of "Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass Through Certificates, Series 2006-FF9".

9. That POC #2 is again executed by Attorney Amy Przewozny of the law firm of Steven J. Baum, PC and not the creditor nor an authorized agent of the creditor as required pursuant to Fed R Bkr Pro 3001(b). According to the signature on POC #2, Attorney Przewozny executed the document on April 3, 2009.

10. That despite there being an objection outstanding, as aforesaid, and knowledge of a contested matter pursuant to Rule 9014, Home Loan Services, Inc. through its attorneys, did so attempt to "amend" its proof of claim to effectively change the name of the creditor to a different named third party, namely "Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass Through Certificates, Series 2006-FF9" with no apparent authority to do so.

11. That given the two distinct named parties identified as the creditor claiming to collect on what is presumed to be the same secured claim, and each presented to the Court as a bona fide creditor, the Debtor is left to guess the identity of the true creditor presenting this claim.

12. That on or about April 10, 2009 Home Loan Services, Inc., after so amending its proof of claim and removing its name as the creditor via such amendment, filed an Objection to the Confirmation of the Plan of the debtor, by and through Attorney Amy Przewozny of the law firm of Steven J. Baum, PC attorney in the name of Home Loan Services, Inc..

Paragraph 3 of said Objection to Confirmation reads as follows:

*"3. The Debtor's proposed Plan fails to provide for pre-petition arrears due to Home Loan Services, Inc. The Proof of Claim filed on behalf of Home Loan Services, Inc. indicates pre-petition arrears owing in the amount of $134,976.11. A copy of aid Proof of Claim is attached hereto as Exhibit 'A'. As the Debtor's proposed plan fails to provide for payment of these arrears, confirmation must be denied pursuant to 11 U.S.C. Section 1322(a)(2)"* (See attached hereto as Exhibit "B")

Attached to the Objection to Confirmation as indicated in paragraph 3, is a copy of the original POC #1, <u>not</u> the amended POC#2.

13. That Attorney Przewozny in so executing the POC #2 on April 3, 2009, was fully aware of the same when on April 9, 2009, she executed the Objection to Confirmation and submitted the documents to the Court.

14. That in so executing POC #2 the entity known as "Home Loan Services, Inc." and Attorney Amy Przewozny of the law firm of Steven J. Baum, PC acknowledge the following:
    a. Home Loan Services, Inc. was an improper party to file POC #1;
    b. Home Loan Services, Inc. is not an actual creditor;
    c. Home Loan Services, Inc. has no standing or sufficient basis to file a proof of claim;
and thus

       d.  Home Loan Services, Inc. in has no standing to file any subsequent pleading further presenting itself as a creditor.

15.    That in presenting POC #1, in the first place, Attorney Amy Przewozny of the law firm of Steven J. Baum, PC has violated Rule 9011(b) in that she has presented the Court with a false and misleading document. Such violation is sanctionable.

16.    That in an apparent failure to conduct a responsible and reasonable inquiry into the facts prior to filing POC #1 Attorney Przewzny is in further violation of Rule 9011(b) and that such violation is sanctionable.

17.    That in filing the subsequent Objection to Confirmation Attorney Przewosny drafted, executed and presented the Court with additional false and misleading statements, including misleading the Court to believe that POC #1 is the only valid claim and that Home Loan Services, Inc. is an actual creditor in its own right, all stated by way of signing an affirmation. This is in further violation of Rule 9011(b) and is sanctionable.

18.    That in so doing, the named creditor, and its attorneys have essentially attempted to mislead the Court and the Debtor into believing Home Loan Services, Inc. is a real party in interest and action sanctionable by the Court pursuant to 11 USC 105 and Rule 9011(b).

19.    That in so substituting the names of the creditor, Home Loan Services, Inc and its attorneys have admitted a lack of standing to bring forth any pleading in the name of Home Loan Services, Inc. as a real party in interest. In so doing, this action is further sanctionable.

20.    The debtor is therefore requesting this Court schedule a hearing on all matters relating to the Objection to Confirmation in this case, with the allowance of reasonable discovery for both the creditor and the debtor.

21.    That the debtor further moves the Court to Strike the Amendment of the proof of claim.

22.    That the law firm of Steven J. Baum PC has committed similar acts of failing to verify facts prior to presenting the same to the Court and was warned that continued practice and repeat offenses should result in sanctions.

**WHEREFORE,** the debtors respectfully pray of the Court as follows:

A.    That a hearing be held on the Objection to Confirmation filed by Home Loan Services, Inc.;

B.    That the Amendment be striken;

C.    That the Court sanction the offending parties and award the debtor appropriate counsel fees and damages; and

D. That the debtor be awarded attorneys fees; and

E. That the debtor have such other and further relief as to the Court may seem just and proper.

This the 14th day of April, 2009.

/s/Linda M. Tirelli
_____
Debtor's Counsel
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli
& Westchester Legal Credit Solutions, Inc.
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914)946-0860 / Fax: (914)946-0870
Primary Email: WestchesterLegal@aol.com

# CERTIFICATE OF SERVICE

I, Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1. I am not a party for the foregoing proceeding;

2. I am not less than 18 years of age;

3. I have this day served a copy of the foregoing **"MOTION FOR SANCTIONS"** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Home Loan Services, Inc.
150 Allegheny Center Mall
Pittsburgh, PA 15212

Amy E. Przewozny, Esq.
c/o Steven J. Baum, PC
220 Northpointe Parkway, Suite G
Amherst, NY 14228

Deutsche Bank National Trust Company ,
as Trustee for First Franklin Mortgage
Loan Trust 2006-FF9,
Mortgage Pass Through Certificates, Series 2006-FF9
Attn: Legal Department
60 Wall Street
New York, NY 10005

First Franklin Loan Services
PO Box 1838
Pittsburgh, PA 15230-1838

**And via the Court's Electronic Case Filing System to:**
Attorney For Creditor:
Amy E. Przewozny, Esq.
c/o Steven J. Baum, PC
220 Northpointe Parkway, Suite G
Amherst, NY 14228

Jeffrey L. Sapir, Esq.
Chapter 13 Trustee
300 Knollwood Road, Suite 102
White Plains, NY 10603

4. To the best of my knowledge, information and belief, the parties in interest are not infants or

incompetent persons;

5. Service as outlined herein was made within the United States of America.

This the 13th day of April, 2009.

 /s/ Linda M. Tirelli
_____
Debtor's Counsel
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli
& Westchester Legal Credit Solutions, Inc.
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914)946-0860 / Fax: (914)946-0870
Primary Email: WestchesterLegal@aol.com